IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAR 1 6 2011

TIMOTHY PAUL REAGO,                     )
                                        )
        Plaintiff,                      )
                                        )
v.                                      )        Civil Action No.01:10-cv-1072
                                        )
UNITED STATES PATENT &                  )
TRADEMARK OFFICE,                       )
                                        )
        Defendant.                      )

MEMORANDUM OPINION

This matter comes before the Court on Defendant United

States Patent and Trademark Office's ("PTO") Motion to Dismiss.

On July 12, 2010, Plaintiff Timothy Paul Reago attempted to

file with the PTO a provisional patent application pursuant to

35 U.S.C. § 111(b). The application consisted of 1,274 pages,

which disclosed a purported invention entitled "Human Targeted

Electromagnetic Broadcast: Security Considerations and Related

Arrangements, Methods and Processes." Plaintiff identified

himself as the inventor and remitted $110 in application fees.

On August 4, 2010, the PTO informed Plaintiff that he must remit

$3,240 in fees for the 1,174 pages in excess of the 100-page

limit for a small entity's patent application. See 35 U.S.C. §

41(a)(1)(G); 37 C.F.R. § 1.16(s) (providing that patent

applicants are charged $270 for each additional fifty pages of

their application that exceeds 100 pages); see also 35 U.S.C. §
41(h)(1) (reducing by 50% the application fees for small
entities); 37 C.F.R. § 1.27(a)(1) (defining a small entity as
"any inventor of other individual . . . who has not assigned,
granted, conveyed, or licensed . . . any rights in the
invention"). That notice explained that Plaintiff had two
months—unless he petitioned the PTO for an extension of time,
see 37 C.F.R. § 1.136(a)(1)—to remit the necessary fees.
Nevertheless, the PTO granted Plaintiff a filing date of July
12, 2010 (the date Plaintiff filed his application) and assigned
Serial No. 61/344,384 to his provisional application.

Plaintiff wrote to the PTO to request a waiver of the
additional small entity fee identified in the PTO's notice.
Plaintiff noted that he had limited income and that the amount
that the PTO's notice required him to remit would constitute a
significant portion of his annual income. In response to
Plaintiff's request, the PTO informed Plaintiff that his request
had been entered into his application file, but that it was
unable to proceed with the application until Plaintiff remitted
the proper fees. The PTO again reminded Plaintiff that he could
request extensions of time within which to remit the necessary
fees, but that without a timely and complete response (with the
remission of fees), his application would ultimately be
considered abandoned.

Plaintiff has not yet remitted the necessary fees and has not requested any extensions of time to do so. Nevertheless, the PTO has yet to consider Plaintiff's application abandoned. His application therefore remains pending before the PTO.

Plaintiff filed his pro se complaint with this Court on September 24, 2010, appearing to seek a waiver of the PTO's fee requirement because he is indigent. Defendant now moves to dismiss, arguing that 1) this Court lacks subject matter jurisdiction to consider Plaintiff's complaint, and 2) even if this Court had subject matter jurisdiction, patent fees are not waivable.

Regarding Defendant's first argument, the PTO has yet to issue any final decision on Plaintiff's patent application. Under the Administrative Procedure Act, this Court may only review the PTO's consideration of Plaintiff's application if the PTO has rendered a final agency action. See 5 U.S.C. §§ 702, 704. In order for the PTO's consideration of Plaintiff's application to constitute a final agency action, two conditions must be met:

> First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

<u>Bennett v. Spear</u>, 520 U.S. 154, 177-78 (1997) (quotations

omitted). Neither requirement is met in this case.

The PTO has not taken any action regarding Plaintiff's

provisional application, let alone any action that would cause

Plaintiff to lose any patent rights or to face legal

consequences. Plaintiff seems to fear that the PTO considers his

provisional patent application abandoned. But the PTO has not

entered a notice of abandonment regarding Plaintiff's

application. His application will remain pending until the time

within which Plaintiff can seek extensions of time has expired,

<u>see</u> 37 C.F.R. § 1.136(a)(1). Because his application remains

pending, this case does not satisfy the second condition

outlined in <u>Bennett</u>.

Regarding the first condition, the agency has yet to issue

any decision regarding Plaintiff's position that the

Constitution mandates a waiver of fees associated with his

provisional patent application because he is indigent. The PTO's

regulations dictate that Plaintiff must administratively request

such relief, and Plaintiff may only make such a request if and

when the PTO enters a notice of abandonment regarding

Plaintiff's application. Once a notice of abandonment is

entered, Plaintiff may file a petition with the PTO that

articulates his constitutional theory and thus seek to "invoke

the supervisory authority of the [PTO] Director." 37 C.F.R. §

1.181(a)(3). If and when Plaintiff files a petition, PTO
officials can then review the merits of Plaintiff's argument and
render a written decision. It is that written decision that will
constitute a final agency action, thereby enabling this Court's
review under the APA.

For these reasons, this Court lacks subject matter
jurisdiction to hear Plaintiff's complaint and need not reach
Defendant's second argument that patent fees are not waivable.
Plaintiff's Complaint must be dismissed.

An appropriate order shall issue.


                                          /s/
                              _____
                                   Claude M. Hilton
                              United States District Judge


Alexandria, Virginia
March _16_, 2011